UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

ILEEN CAIN,

                      Plaintiff,

        v.

JEROME RAMBERT, KENYA POPE and
BRIAN MITCHELL,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
13-CV-5807 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Ileen Cain commenced this *pro se* action on October 21, 2013, against her landlord and two neighbors alleging violations of the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.* (the "FHA"), the Americans with Disabilities Act , 42 U.S.C. § 12101 *et seq.* (the "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (the "Rehabilitation Act"), the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, the "Equal Justice Under Telecommunications Act," the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), in addition to various city and state law claims, including retaliatory eviction, breach of warranty of habitability and breach of contract. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, Plaintiff is granted thirty (30) days leave to file an amended complaint.

    **I. Background**

      Plaintiff alleges that in March 2012, she moved into a Section 8 apartment, and that Defendant Jerome Rambert is the landlord. (Compl. at 2, 6 ¶¶ 6–9.) Plaintiff states that Rambert

divulged to other tenants in the building that she receives Social Security disability payments, and that these tenants are harassing and cyber-stalking her, discriminating against her for her perceived disability, and attempting to sexually coerce her to become involved in prostitution. (Compl. at 3, 5–9.) Plaintiff has filed numerous reports with New York City Police Department and the New York State Attorney General regarding the alleged incidents of harassment, discrimination and coercion by the other tenants, (*see* Police Reports, Ex. 3, annexed to Compl.), and alleges that her landlord initiated eviction proceedings against her after she filed the complaints, (Compl. at 6 ¶ 12, 8 ¶ 26; Ex. 1; Ex. 4 at 3, annexed to Compl.). Plaintiff further alleges that her landlord has failed to respond to her numerous requests for intervention, creating a "hostile living environment." (Compl. at 7 ¶18.) Plaintiff seeks monetary damages and injunctive relief in the form of an order evicting the tenants in her building. (Compl. at 10.)

## II. Discussion

### a. Standard of Review

In order to state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8. ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must "provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Knowles v. Namdor Inc.*, No. 13-CV-3746,

2013 WL 5887039, at *2 (E.D.N.Y. Oct. 31, 2013) (citing *Twombly*, 550 U.S. at 555 and *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991); *see also Twombly*, 550 U.S. at 555 (observing that the Rule 8 of the Federal Rules of Civil Procedure requires a statement that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original) (internal citation omitted)). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Bamba v. U.S. Dep't of Homeland Sec.*, --- Fed. App'x ---, ---, 2013 WL 5485916, at *1 (2d Cir. Oct. 3, 2013) ("While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we are obliged to construe a *pro se* complaint liberally to raise the strongest arguments it suggests." (alteration and internal quotation marks omitted) (citing *Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009) and *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013))). If a "liberal reading of the complaint gives any indication that a valid claim might be stated," the complaint "should not [be] dismiss[ed] without granting leave to amend at least once." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (alteration in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)); *see also Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

3

Under 28 U.S.C. § 1915(e)(2)(B), the *in forma pauperis* statute, the Court is required to dismiss a complaint if the Court determines that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). "An action is frivolous if it lacks an arguable basis in law or fact — *i.e.,* if it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [that] are clearly baseless.'" *Boyle v. Town of Hammond*, 375 F. App'x 85, 86 (2d Cir. 2010) (alteration in original) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)).

### b. Plaintiff's Housing Discrimination Claims

Plaintiff seeks to bring claims under the FHA, the ADA, and the Rehabilitation Act, but fails to plead sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter," 42 U.S.C. § 3604(f)(1)(A), or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." § 3604(f)(2)(A); *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 49 (2d Cir. 2012), *cert. denied*, 568 U.S. ---, 133 S. Ct. 1280 (2013). The FHA defines "handicap" as "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment," excluding individuals with addictions to controlled substances. § 3602(h). "To state a claim for intentional discrimination

4

under § 3604(f)(2), a plaintiff must establish that: (1) he is a member of the protected class; (2) that defendants took adverse action against him; and (3) that the adverse action took place under circumstances giving rise to an inference of discrimination." *Mazzocchi v. Windsor Owners Corp.*, No. 11-CV-7913, 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012) (citing *Petrillo v. Schultz Props., Inc.,* No. 11-CV-6483T, 2011 WL 4899963, at *2 (W.D.N.Y. Oct.13, 2011).

The FHA also prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." § 3604(b). In addition, the Fair Housing Act also prohibits retaliation against individuals who engage in "protected activity" under the statute. *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by" the statute.). "The elements of a prima facie retaliation claim under the FHA are (1) the plaintiff engaged in protected activity, (2) the defendant was aware of this activity, (3) the defendant took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action." *Ponce v. 480 E. 21st St., LLC*, No. 12-CV-4828, 2013 WL 4543622, at *3 (E.D.N.Y. Aug. 28, 2013) (citing *Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown,* 294 F.3d 35, 54 (2d Cir. 2002)).

Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of *public accommodation* by any person who owns, leases (or leases to), or operates a

5

place of public accommodation" (emphasis added). 42 U.S.C. § 12182; *Kreisler v. Second Ave. Diner Corp.*, No. 10-CV-7592, 2012 WL 3961304, at *6 (S.D.N.Y. Sept. 11, 2012). "In order to state a claim for violation of Title III, . . . a plaintiff must 'establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.'" *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 9495 (2d Cir. 2012) (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008)); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) (outlining the test for disability discrimination).

Section 504 of the Rehabilitation Act provides in pertinent part that: " No otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ." 29 U.S.C. § 794; *Bryant v. New York State Educ. Dept.,* 692 F.3d 202, 216 (2d Cir. 2012). "To establish a prima facie case under the Rehabilitation Act, a plaintiff must allege: [1] that he or she is a person with disabilities under the Rehabilitation Act, [2] who has been denied benefits of or excluded from participating in a federally funded program or special service, [3] solely because of his or her disability." *Bryant*, 692 F.3d at 216.

Here, the nature of Plaintiff's claim "and the ground upon which it rests" cannot be determined from the Complaint as currently pleaded. *See Twombly*, 550 U.S. at 555. Plaintiff fails to "provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery" for housing discrimination under the FHA, the ADA, or Section 504. *See Knowles*, 2013 WL

5887039, at *2. For example, while Plaintiff names as Defendants two individuals who also reside in her building, the Complaint only describes the activities of "the tenants" in her building. Because many of the factual allegations made by Plaintiff describe the actions of other tenants in the building, it is also difficult to determine the nature of the claims against Plaintiff's landlord, Defendant Rambert, and the factual basis for those claims.

### c. Leave to Amend

In light of plaintiff's *pro se* status she is afforded an opportunity to amend her Complaint within thirty (30) days of the date of this order. Should Plaintiff elect to amend her Complaint she must state the nature of her disability or perceived disability, and allege facts to show that she was discriminated against by defendant(s) by reason of her disability and/or her gender. Moreover, to the extent that plaintiff seeks to name as a defendant, any individual other than her landlord, she is advised that she must allege facts sufficient to show that each named defendant discriminated against her. Plaintiff is directed that her Amended Complaint must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 8(a).

## III. Conclusion

Plaintiff is granted leave to amend the Complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to file an amended complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: November 26, 2013
      Brooklyn, New York